Next matter, number 162462, James Remington v. United States Good morning your honors, Michael Simposky on behalf of James Remington If I could, I would like to reserve three minutes for rebuttal You may In carving out an exception to Johnson, the Supreme Court in Beckles noted that the due process concerns that existed in the age of the mandatory guidelines no longer did as a result of Booker In Booker and Blakely, the court recognized that determined sentencing schemes operate as statutes What we can glean, what is explicit in those opinions is the notion that mandatory guidelines are subject to the same constitutional scrutiny as congressional statutes Now, the last two cases have had a lot of back and forth on the issue of whether Johnson applies to mandatory guidelines I'm happy to add to that discussion There are several other issues in my brief particularly that aren't addressed in the other cases and I can move on to those as well depending on how the court would like to handle it What do you know about the plea agreement and the waiver of collateral challenges? I have two responses to that Number one, at no time in the 2255 litigation in the trial court level did the government raise the issue of the existence of an appellate waiver and there were two opportunities for the government to do that Although, as I understand that the court ruled before that the government's time to file an opposition had even run I don't think that's accurate, your honor but I quite frankly don't have the opposition deadline date in my head but there was an opportunity when they moved for a stay of proceedings pending Beckles, when that stay was denied the defendant filed a merits memo and I think three months went by at which time the government filed no merits opposition of any kind and then the judge made his decision on the merits and so there were several opportunities two at least for the government to raise the issue of appellate waiver in the trial court having declined to do so I would suggest that they have forfeited the right to press that issue on appeal I'm a little confused when you say there's opportunities yes, they could have filed something before they were obligated to do so as I understood it on these petitions, sometimes the court can rule sui sponte without requiring the government to respond and I thought that's what the court did here without the government having yet filed a merits response to the petition well, they have not filed one but in my memory of the deadlines was at three months at least two, if not three months went by after the defendant filed his merits memo didn't they file a motion to stay the running of that deadline? to be perfectly honest your honor I can't answer that question as I sit here today I think what you just said is the only argument you advanced in your briefs for why we should look beyond the waiver have you thought of any others that you haven't put in your briefs? well, there's a second argument which is the phase of the waiver itself and that really sort of dovetails into a merits argument as to whether Johnson is a new rule retroactive to this case because the appellate waiver actually contained a carve out for cases in which the Supreme Court or the First Circuit announced a new rule and what do we do with the fact that that argument is not in your briefs? well, I think that's an interesting point and I would sort of relate back to my first argument which was that essentially when the government doesn't raise it one could argue that the defendant is sort of lulled into thinking that they're not enforcing it perhaps because they believe that the carve out sure, that gets you by your blue brief but then what about your gray brief? I understand that it wasn't in the reply brief either, Your Honor but what I would suggest is that where the phase of the waiver contains a specific carve out that I don't think the burden would continue to rest on the defendant to necessarily directly raise it it's a question of simply applying the terms in the waiver itself which the court is certainly capable of doing without briefing from either side because as it turns out the waiver carve out relates directly to the merits of this particular petition which is whether Johnson announced a new rule that is retroactive to career offender provision of the guidelines and so obviously the defendant's position is that the court's determination on the merits of that question necessarily resolves the appellate waiver because of that carve out because if there is a new rule that is retroactive then the appellate waiver is a nullity and so regardless of the government's failure or the defendant's failure to address it the waiver simply doesn't apply. In the sentence below in this case do we know what the district court based the sentence on the residual clause or the force clause? I believe at the time it would have been both it wasn't really necessarily a question that either a particular predicate fell within one or the other in the analysis there was no objection and the analysis wasn't done. So we are supposed to assume it was done under both? Or just the residual clause? I think we assume that as we sit here today we know that it could not have properly our argument has been done under the residual clause and because as we sit here today it also could not have been done under the force clause it was an unlawful sentence. But if you're wrong on the force clause analysis and it was done under both then you're out of luck and we don't even need to address the residual clause. Well the particular predicates at issue the court has already ruled do not apply under the force clause armed robbery and assault, battery, or dangerous weapon the court has recently ruled as to both. So the only legal option But this is just a puzzle maybe this isn't presented in the case and I'm not sure the government's arguing but just so I understand what's going on if the district court had based it under the force clause you could only challenge that collaterally based on a new rule made retroactive by the Supreme Court, right? That would be true, I think, regardless. But you're not identifying any new rule made retroactive by the Supreme Court that invalidates the force clause ruling. No, but I'm identifying Absolutely. That's why you'd be out of luck. So I think it has to be the case that we have to understand this case to have been decided only under the residual clause in order for you to win, right? I don't think that's true. I think if there's ambiguity as to whether it was decided under either clause then I think we would I would ask the court to presume at least for these purposes that it was at least in part decided on the residual clause. I don't think that you need to look to the trial court to determine with certainty that in fact the residual clause was applied. At the time the state of the law was that both of those offenses probably would have qualified under both. So the court didn't need to make that analysis and in fact my memory of the pre-sentence report and the sentencing hearing is that the analysis simply wasn't done. It was understood by both parties that the law at the time was that he qualified as a career offender and so there wasn't any need to parse it out as to which clause. So what's the test that we should apply if we don't know which clause the court relied on? I think the court has to presume that it relied upon at least in part on the residual clause and give the defendant the benefit of the doubt. And what's your basis for that being the default presumption? Well, I don't have a case that cites that proposition and quite frankly I would suggest, Your Honor, that the government hasn't suggested that as a basis to deny relief. Let me ask you another question. Could you clarify the sentence, the guideline, the final guideline range, the mandatory guideline range that was applicable to your client at sentencing, was that the 210 to 240? No, that was the final with application of the career offender enhancement was 210 to 260, I believe, actually, higher than the statutory maximum. And then the sentence was 240? Yes. Okay. So if the judge had, as I understand it, had complete discretion under the guidelines between 210 and the statutory maximum? At that time, yes. Because that was less than the 260, it was 240. And the judge went within the mandatory guidelines but didn't go to the minimum mandatory, went up 30 months? Yes. What's that do to your argument that it was the mandatory nature of the guidelines that was fixing the sentence here since we actually have in this case a situation where the judge went above the mandatory minimum, even if you view the mandatory guidelines as fixing the minimum? Because the judge specifically remarked that he felt himself bound by the guidelines and perhaps felt that a mid-range guideline sentence was appropriate, whatever the guideline range actually was. And because of the application of the career offender enhancement, the guideline range, the mid-range, was actually the statutory maximum, as it turned out. But the judge made clear on the record that he felt himself bound by the application of the guidelines. And so on that basis, if we're sort of making a harmless error or a potential argument here, I don't think that's the issue. Is this because for vagueness, due process vagueness purposes, what matters is the fixing of the minimum? Well, no, I think either. But as long as the minimum's fixed, the due process vagueness challenge kicks in is your view. Absolutely. And here the minimum was kicking up his sentence. That's absolutely right. Any provision of law that fixes either the minimum or the maximum or both should be subject to, and in fact is pursuant to the rule of Johnson, subject to a due process vagueness challenge. And here the minimum was fixed, although the maximum, as it turned out, was the congressionally imposed maximum. So if you had a case with a 20-year statutory maximum and the mandatory guideline sentence was 10 years to 12 years, and the judge says, this is a bad guy, I'm doing a departure up to 15 years, how would you conduct an as-applied challenge to that based on the vagueness of the guideline career offender that set it to 10 to 12 if the judge actually varied up to 15? Well, I would suggest that what the Supreme Court said in Booker is that the availability of departures does not avoid the constitutional issue. And I would suggest that applies equally to Fifth Amendment concerns as well as Sixth Amendment concerns. Certainly there were grounds to depart from the fixed sentence set by the guidelines, just as there are grounds to depart from statutory minimums. And in fact, pre-apprendi, there were grounds to depart upwards from statutory maximums, which this case was, in fact, pre-apprendi. But no one would argue that statutes aren't subject to, congressional statutes aren't subject to. What was that discretion? I'm sorry? Under the discretion to depart from the statutory minimum, statutory maximum was what? What were the circumstances where you would have discretion? Well, for example, if it was a mandatory minimum sentence imposed by a congressional statute, there would be potential to depart downwards, or I should say, depart from the minimum for cooperation with the government. Or in drug cases, if the defendant proffers a successful safety valve, there would be grounds for departure from a congressionally imposed statutory mandatory minimum. And again, pre-apprendi, based on findings by the judge, grounds to depart upwards from a statutory maximum imposed by Congress. And just like under the mandatory guideline regime, in some small set of circumstances, perhaps 5% of cases, I don't have the exact statistics, I'm sure the court has access to them, there were departures. But that doesn't change the fact that the mandatory guidelines fixed the range of permissible sentences for the vast majority of defendants. For that reason, they're subject to various challenges. Thank you. Judge Thompson, may it please the court, Mark Quinlivan on behalf of the United States. In our view, the defendant's 2255 motion is barred by the waiver of appellate and collateral rights. And let me walk through the steps about why we think that it is barred. To begin with, the defendant was originally indicted for armed bank robbery, which has a 25-year statutory maximum and a 924C claim. Pursuant to the plea agreement, a superseding information was filed, and he was charged in count one with bank robbery, which has a 20-year statutory maximum and a 924C charge. That had a significant effect because in the plea agreement, the parties agreed that the defendant was a career offender. And under section 4B1.1, the offense level for a career offender is tied to the statutory maximum. So for a statutory maximum of 20, which we had in this case, the offense level was set at 32. Had it been for armed bank robbery, the statutory maximum or the offense level would have been 34. So we had a difference in a guideline range of, in this case, 210 to 262 months, effectively capped, of course, at the statutory maximum of 240. Had it been the original indictment, the guideline range would have been 262 to 327 months, capped at the statutory maximum of 300 months. So that was the consideration that the government conferred on the defendant in the plea agreement. The plea agreement, the waiver provision said that in return for the concessions that the government had made, the defendant agreed to waive any challenge to his guilty plea or to any aspect of his conviction in our view, that plain language bars his challenge now to his 924C conviction. And then it went on to say that he waives the right to appeal or collaterally challenge any of the positions advocated by the parties in paragraph 3 of the agreement. Paragraph 3 in turn provided that the parties agreed that the defendant was a career offender. So in our view, that provision bars his challenge now to his career offender designation. It did, the agreement did, as my friend has noted, have a carve-out. And my argument is going to mirror to some respects the arguments you heard in the previous two cases. The carve-out said that it did not apply to new legal principles announced by the Supreme Court or the First Circuit in which the First Circuit or the Supreme Court has deemed retroactive. Neither the Supreme Court nor this Court has held that Johnson 2 or vagueness principles invalidate the mandatory guidelines nor have they held that they invalidate 924C3B. But this is a challenge a collateral challenge based on a new legal principle i.e. Johnson 2. He may lose that, but it seems to me it's clearly a challenge based on Johnson 2. It is a challenge based on Johnson 2, I agree, Judge Keada, but it's tied, again, it's tethered. It's not just a legal principle which has been deemed retroactive by the Supreme Court or the First Circuit. Let me put it this way. If he's right on the merits, then you're wrong on the waiver clause. I don't think so because... Explain to me how he could be right on the merits that Johnson 2 is a new rule of constitutional law that applies retroactively to determine that the mandatory guidelines are unconstitutional and yet a challenge based on that would not fall within this carve-out. Because I think, again, and again, this mirrors some of the arguments in the first two cases, there is an additional step this Court would have to take. And I'd point to two language in Johnson itself and to language in battles to support that. In Johnson itself, the Supreme Court said that nothing we say here invalidates the other aspects of the Armed Criminal Act, meaning the force clause or the enumerated primes that precede the otherwise clause. So I would disagree with the suggestion that has been made... So on the force side, you're saying this isn't based on new legal principles? That's right. And then Beckles itself, as has been noted, Justice Sotomayor, in her concurring opinion, made clear that or stated that the decision would not foreclose an individual from challenging the mandatory guidelines. I think that statement indicates that it would take... The Supreme Court very well may conclude that the rationale of Johnson applies to the mandatory guidelines. But that's different from saying that Johnson compels or has already decided that point. Was he sentenced under the force clause or just the residual clause or we don't know? We don't know because... So if we don't know, what does that do to the way of argument you were just making, which is that with respect to the force clause it was covered? In other words, how do we know the force clause was even in play at the time? I was... Judge Sotomayor, and perhaps I'm missing... I was not suggesting that the force clause was in play. I was... So if it wasn't in play, I guess what I'm not following is just reading the face of the waiver provision. Yes. Couldn't the defendant have thought that what he was preserving was his right to make the kind of argument he's making today and to lose on it? I don't think so. So why not? What in the text suggests he couldn't have thought that? Well, I think that even... even if you could arguably say that the judge... In the text of the waiver, as far as I can tell, it doesn't quote directly the 2255 language. No, it doesn't. So it's kind of vaguer than that. And so why wouldn't he have thought, okay, guess what? I'm going to throw out this argument that's not in the waiver. I either win or lose in my COA, but I haven't waived my right to make that case. I just don't see where in the text... When you tether, it has to be a legal principle which the Supreme Court or the First Circuit has deemed retroactive. He thinks it is. No, plainly, it's not correct. I mean... That seems like a different question than whether he's waived his right to make it. We're talking about what he thought he was giving up, which is different than what he's entitled now to get. Yes. Yes. So with respect to the text of the waiver, why wouldn't it have been reasonable for him to think I wasn't giving that up? You might have thought that. You guys didn't have a meeting of the minds. That's unfortunate. But why should he bear the burden of that ambiguity? Usually we construe them in the favor of the defendant. Right. I understand that, and I guess I have two answers. The threshold argument is that's not an argument the defendant has made in this case. He just did make it and he said if you just read the text of it, it's obvious. Well, that's true, but I think it's not an argument that was made in either of the briefs. Is there an answer to it? I think when you have a provision like this, I think the understanding is that it would be a rule of law that would allow that not only has been deemed in the defendant's favor, but by being deemed retroactive by the Supreme Court or the First Circuit allows him to raise it on collateral review. It's not a provision that allows what the defendant is essentially doing here, which is to come to the district court and say, I'm not ... I'll just read it. It doesn't say rule made retroactive by the First Circuit or the  Circuit. He's certainly saying that much. He's saying there is some cases that contain some principles that support his position. Now you might say that's not good enough when he gets up to try and get the COA because that's not the standard. But we don't care what the Supreme Court   Supreme Court says        First Circuit or Supreme Court cases decided after the date of this agreement, which are held by the First Circuit and the Supreme Court. The Supreme Court has   the date of this agreement should be the date of this agreement. The Supreme Court has decided that the date of this